UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

COUNTRY MUTUAL INSURANCE
COMPANY *doing business as*
MiddleOak,

                    Plaintiff,

          -v-                              8:20-CV-1356

BROAN NUTONE, LLC,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                        OF COUNSEL:

RUPP PFALZGRAF LLC                  PHILLIP A. OSWALD, ESQ.
Attorneys for Plaintiff
227 Washington Street – Suite 1c
Saratoga Springs, NY 12866

DE LUCA LEVINE LLC                  JEFFREY M. ZIELINSKI, ESQ.
Attorneys for Plaintiff             KENNETH TODD LEVINE, ESQ.
301 East Germantown Pike – 3rd Floor   THADDEUS S. KIRK, ESQ.
East Norriton, PA 19401

O'CONNOR, O'CONNOR LAW FIRM         DENNIS A. FIRST, ESQ.
Attorneys for Defendant             ELIZABETH J. GROGAN, ESQ.
20 Corporate Woods Boulevard
Albany, NY 12211

DAVID N. HURD
United States District Judge

## ORDER ON MOTIONS *IN LIMINE*

## I. INTRODUCTION

This case is set for a jury trial on Monday, November 13, 2023, at 9:30 a.m. in Utica, New York.  Plaintiff, Country Mutual Insurance Company ("Country Mutual" or "plaintiff") and defendant, Broan Nutone, LLC ("Broan" or "defendant") have moved *in limine* to exclude certain evidence in advance of trial.  Dkt. Nos. 44, 45, 59.  Both parties have opposed their counterpart's motions.  Dkt. Nos. 61, 62.

## II. BACKGROUND

This action arises from a fire that occurred at an apartment building owned by Country Mutual's insured, Chason Management, LLC.  *See* Dkt. No. 1.  Plaintiff brought suit against Broan, arguing that the fire was caused by the malfunctioning of an exhaust fan manufactured by defendant.  *See id.*  Plaintiff originally asserted claims against defendant for strict products liability, negligence, and breach of warranties.  *See id.*  However, only plaintiff's strict products liability claim remains for trial.[1]  *See* Dkt. No. 60 at 2.[2]

---

[1]  At the pre-trial conference, Country Mutual's counsel reaffirmed that the sole remaining cause of action is strict products liability.

[2]  Pagination corresponds to CM/ECF.

## III.  LEGAL STANDARD

A party may seek a ruling on the admissibility of certain anticipated

evidence by filing a motion *in limine*.  *Walker v. Schult*, 365 F. Supp. 3d 266,

275 (N.D.N.Y. 2019) (explaining the "term is used in the broad sense to refer

to any motion, whether made before or during trial, to exclude anticipated

prejudicial evidence before the evidence is actually offered").  "Evidence

should be excluded on a motion *in limine* only when the evidence is clearly

inadmissible on all potential grounds."  *Id.*  "The movant has the burden of

establishing that the evidence is not admissible for any purpose."  *Id.*  "The

trial judge may reserve judgment on a motion *in limine* until trial to ensure

the motion is considered in the proper factual context."  *Id.*  Finally, "[t]he

court's ruling . . . is subject to change when the case unfolds."  *Id.*

## IV.  DISCUSSION

Country Mutual's two motions *in limine* seek to exclude certain expert

witness testimony and preclude cumulative expert witness testimony.  *See*

Dkt. Nos. 44, 59.  Broan's motion *in limine* seeks to preclude plaintiff from

offering into evidence or referring to prior incidents involving exhaust fans.

Dkt. No. 45.

As noted *supra*, the sole claim remaining for trial is strict products

liability.  "Under New York law, a manufacturer who places into the stream

of commerce a defective product which causes injury may be held strictly

liable." *Reynolds-Sitzer v. EISAI, Inc.*, 586 F. Supp. 3d 123, 129 (N.D.N.Y. 2022) (cleaned up).  There are three types of product defects recognized under New York law: (1) a manufacturing defect; (2) a design defect; and (3) a warning defect.  *Id.* (citing *McCarthy v. Olin Corp.*, 119 F.3d 148, 154–55 (2d Cir. 1997)).

In the present matter, Country Mutual asserts that the exhaust fan at issue in this case was: (1) defectively manufactured because its internal temperature control failed to activate and prevent an overheating incident that led to the fire; and (2) defectively designed because its internal temperature control was in a location that may not allow it to detect overheating events.  *See* Dkt. No. 57 at 8.

To establish a strict products liability claim based on a manufacturing defect, a plaintiff "must prove: (1) a defect which existed at the time the product left the defendant's control, due to an error in the manufacturing process; (2) a causal connection between the defect and the injury; and (3) damages." *Amica Mut. Ins. Co. v. Electrolux Home Prod., Inc.*, 440 F. Supp. 3d 211, 219 (W.D.N.Y. 2020) (citation omitted).

To prevail on a strict products liability claim predicted on a design defect, a plaintiff "must show: (1) the product as designed posed a substantial likelihood of harm; (2) it was feasible to design the product in a safer manner;

and (3) the defective design was a substantial factor in causing the plaintiff's injury." *Reynolds-Sitzer*, 586 F. Supp. 3d at 129–30 (citation omitted).

### A. **Plaintiff's Motions**

Country Mutual's first motion seeks to preclude Broan's experts, James Smolka ("Smolka") and Dennis Scardino ("Scardino"), from providing certain testimony at trial. *See* Dkt. No. 44-1. Specifically, plaintiff takes issue with the experts' conclusion, outlined in their joint report, that the fire resulted from Long-Term, Low-Temperature Ignition of Wood ("LTLTIW"). *Id.* at 5–6. The phenomenon of LTLTIW occurs when a heating source in close proximity to wood causes the wood to char, lowering the ignition temperature of the wood and resulting in self-ignition. Dkt. No. 62 at 9. Plaintiff asserts that the experts should be precluded from providing testimony related to LTLTIW because the phenomenon is "scientifically unproven, unpredictable, and untested," and "its application to the facts of this case is equally unreliable and questionable." Dkt. No. 44-1 at 6, 17.

In opposition, Broan argues that LTLTIW is a well-documented scientific phenomenon that has been observed by fire investigators for decades. Dkt. No. 62 at 8. In fact, defendant maintains that Scardino "has personally observed LTLTIW on multiple occasions in his decades as a fire investigator." *Id.* at 11. Moreover, defendant asserts that Smolka and Scardino reliability

applied LTLTIW to the relevant facts and concluded that the phenomenon caused the fire at issue in this case. *Id.* at 15–16.

The admissibility of expert testimony is governed by Federal Rule of Evidence 702. *Upstate Jobs Party v. Kosinski*, 559 F. Supp. 3d 93, 121 (N.D.N.Y. 2021). Pursuant to Rule 702, an expert is permitted to testify so long as: "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue," "the testimony is based on sufficient facts or data," "the testimony is the product of reliable principles and methods," and "the expert has reliably applied those principles and methods to the facts of the case." FED. R. EVID. 702.

"While the proponent of expert testimony has the burden of establishing by a preponderance of the evidence that the admissibility requirements of Rule 702 are satisfied, the district court is the ultimate 'gatekeeper.'" *United States v. Williams*, 506 F.3d 151, 160 (2d Cir. 2007) (cleaned up). "In this gatekeeping role, 'the district court should consider the indicia of reliability identified in Rule 702.'" *United States v. Jones*, 965 F.3d 149, 161 (2d Cir. 2020) (quoting *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 265 (2d Cir. 2002)).

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court set forth a list of factors, in addition to the criteria set forth in Rule 702, that

- 6 -

bear on the determination of reliability.  509 U.S. 579, 579–80 (1993).  The factors outlined in *Daubert* include: whether a theory or technique has been or can be tested, "whether the theory or technique has been subjected to peer review and publication," the technique's "known or potential rate of error" and "the existence and maintenance of standards controlling the technique's operation," and whether a particular technique or theory has gained general acceptance in the relevant scientific community.  *Id.* at 593–94.  Importantly, the factors outlined in *Daubert* do not constitute a "definitive checklist or test."  *Id.* at 593.  "Rather, the inquiry envisioned by Rule 702 is a flexible one, and the gatekeeping inquiry must be tied to the facts of a particular case."  *Amorgianos*, 303 F.3d at 266 (cleaned up).

Notably, the Second Circuit has held that under Rule 702, there is a general presumption of admissibility of evidence.  *Chery v. Conduent Educ. Servs., LLC*, 581 F. Supp. 3d 436, 447 (N.D.N.Y. 2022) (citing *Hilaire v. DeWalt Indus. Tool Co.*, 54 F. Supp. 3d 223, 235 (E.D.N.Y. 2014)).  "In other words, 'the rejection of expert testimony is the exception rather than the rule.'"  *Id.* (citation omitted).  "Thus, '[t]o the extent that a party questions the weight of the evidence upon which the other party's expert relied or the conclusions generated from the expert's assessment of that evidence, it may present those challenges through cross-examination of the expert.'"  *Id.* (citing *R.F.M.A.S., Inc. v. So*, 748 F. Supp. 2d 244, 252 (S.D.N.Y. 2010)).

Measured against this standard, Smolka and Scardino's testimony related to LTLTIW shall not be precluded.  A review of the joint report demonstrates that the experts' opinions are sufficiently reliable to pass muster under Rule 702 and *Daubert*.  Accordingly, Country Mutual's first motion *in limine* shall be denied.[3]

Country Mutual's second motion *in limine* seeks to preclude Smolka and Scardino from providing cumulative testimony.  *See* Dkt. No. 59.  In particular, plaintiff requests that if both experts are called to testify, "each expert's trial testimony should be limited to specific aspects of their joint report that do not overlap with the other expert's testimony."  *Id*. at 8.  In support of this request, plaintiff argues that allowing the experts to supply duplicative testimony would be prejudicial "insofar as it would risk wrongly conveying to [a] jury that more than one expert has reached their conclusions, affecting the weight possibility given to such testimony."  *Id*.  Plaintiff also asserts that allowing cumulative testimony "would waste the court's and jury's time."  *Id*.

---

[3]  Broan also argues that Country Mutual's motion is untimely.  Dkt. No. 62 at 6–8.  The Pretrial Scheduling Order instructed the parties to file and serve any motions to preclude expert witness testimony on or before January 5, 2022.  Dkt. No. 21 at 3.  This deadline was extended several times, with a final date of November 5, 2022.  *See* Dkt. Nos. 30, 32, 37, 39, 41.  Plaintiff filed this motion on October 13, 2023.  Dkt. No. 44.  Thus, plaintiff's motion may also be denied for the separate reason that it is untimely.  *See Lee v. Cnty. of Onondaga*, 2016 WL 9441028, at *1 n.1 (N.D.N.Y. Oct. 26, 2016).

In response, Broan asserts that its expert disclosures identify the areas of expert testimony Smolka and Scardino are offering in this case.  Dkt. No. 62 at 16.  Defendant also maintains that during the deposition of the experts, Country Mutual "had the opportunity to, and in fact did, clarify which opinions from the joint report each [expert] would offer at trial."  *Id.*  In any event, defendant argues that the appropriate time to address cumulative testimony is at trial, not at the pretrial stage.  *Id.*

Admissible expert testimony may still be excluded under Federal Rule of Evidence 403 if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  FED. R. EVID. 403.  "The Rule 403 inquiry is particularly important in the context of expert testimony, 'given the unique weight such evidence may have in a jury's deliberations.'"  *Pac. Life Ins. Co. v. Bank of N.Y. Mellon*, 571 F. Supp. 3d 106, 114 (S.D.N.Y. 2021) (quoting *Nimely v. City of N.Y.*, 414 F.3d 381, 397 (2d Cir. 2005)).  In weighing the probative value of evidence against possible prejudice, district courts have broad discretion.  *United States v. Bermudez*, 529 F.3d 158, 161 (2d Cir. 2008) (citing *United States v. LaFlam,* 369 F.3d 153, 155 (2d Cir. 2004)).

Upon review, Smolka and Scardino are precluded from offering cumulative testimony at trial.  As a result, the experts will be permitted to testify to the

extent their testimony is not duplicative.  Accordingly, plaintiff's second

motion *in limine* shall be granted.

### B. **Defendant's Motion**

Broan's motion *in limine* requests an order prohibiting Country Mutual

from offering into evidence or making any reference to other incidents

involving exhaust fans.  *See* Dkt. No. 45-1.  Defendant's motion also seeks to

preclude plaintiff from offering into evidence a report issued by the Consumer

Product Safety Commission.  *Id.* at 2–6.  This report contains a review of

incidents involving exhaust fans.  *Id.* at 2.  Defendant takes issue with the

report because of its failure to identify the exhaust fans "by brand name or

model."  *Id.* at 2–3.  According to defendant, the report's failure to include

such information renders plaintiff unable to make the requisite showing of

"substantial similarity" between the incidents mentioned in the report and

the incident at issue in this case.  *Id.* at 2–7.

In opposition, Country Mutual argues that the prior incidents it seeks to

introduce are substantially similar to the incident at issue in this case.  Dkt.

No. 61 at 6–9.  According to plaintiff, these prior incidents are substantially

similar because each incident involved an exhaust fan with a thermal cutoff

device, such as the exhaust fan at issue here.  *See id.*  Plaintiff asserts that it

intends to refer to these prior incidents in order to demonstrate that thermal

cutoff devices are dangerous and susceptible to failure.  *Id.* at 7.

"Evidence of prior accidents may be admitted at trial only if the proponent establishes their relevance by showing that they occurred under the same or substantially similar circumstances as the accident at issue." *Lidle v. Cirrus Design Corp.*, 505 F. App'x 72, 74 (2d Cir. 2012) (summary order) (cleaned up). Whether a prior incident occurred under substantially similar conditions depends on the purpose for which the evidence is offered. *See C.C. by & through Camarata v. Polaris Indus., Inc.*, 2018 WL 3031848, at *4 (N.D.N.Y. June 19, 2018), *aff'd*, 774 F. App'x 45 (2d Cir. 2019). Of relevance here, "[e]vidence offered for the purpose of showing the existence of a dangerous condition requires a high degree of similarity because it weighs directly on the ultimate issue to be decided by the jury." *Id.* (cleaned up).

Applying these standards, Country Mutual has not demonstrated that the prior incidents it seeks to introduce are substantially similar to the incident at issue here. Namely, plaintiff has not shown that any of the prior incidents occurred under similar circumstances, *i.e.*, involved the exhaust fan at issue in this case or one sufficiently similar. Consequently, plaintiff is precluded from offering into evidence or making any reference to prior incidents involving exhaust fans. Therefore, Broan's motion *in limine* shall be granted.

## V.  CONCLUSION

Therefore, it is

ORDERED that

1.  Plaintiff's motion to preclude expert witness testimony (Dkt. No. 44) is DENIED;

2.  Plaintiff's motion to preclude cumulative expert witness testimony (Dkt. No. 59) is GRANTED; and

3.  Defendant's motion to preclude plaintiff from referring to or offering into evidence other incidents involving exhaust fans (Dkt. No. 45) is GRANTED.

The Clerk of the Court is directed to terminate the pending motions.

IT IS SO ORDERED.


Dated:  November 7, 2023
        Utica, New York.

David N. Hurd
U.S. District Judge